UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID ARNOLD, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 21-10731 |
| MICHAEL PEARLMAN, | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, for the reasons set forth below, pursuant to 28 U.S.C. § 2679(d)(2), the United States of America (the "United States" or "government"), by and through its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully files this Notice of Removal from the Middlesex County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.[1]

In support of this Notice of Removal, the government asserts as follows:

## BACKGROUND

1. On March 8, 2021, Plaintiff David Arnold ("Plaintiff") commenced this tort action against Michael Pearlman ("Defendant") in Middlesex County Superior Court, captioned *Arnold v. Pearlman*, No. 2181CV00506. True and correct copies of the summons and complaint are attached as Exhibit A hereto. A copy of the state court docket is attached as Exhibit B hereto.

---

[1] By filing this Notice of Removal, the United States reserves all rights and waives none, including the right to challenge the complaint on any grounds.

## ALLEGATIONS

2.     In his complaint, Plaintiff, a physicist who resides in Watertown, Massachusetts, "seeks to recover damages for the Defendant's misrepresentation." Ex. A at pg. 1. Specifically, Plaintiff claims that Defendant misrepresented the extent of funding available for Plaintiff's project with the Smithsonian Astrophysical Observatory ("SAO") and "demands judgment against the Defendant in the amount of $129,000.00 plus interest and costs." *Id.* at pg. 6.

## GROUNDS FOR REMOVAL

3.     Removal is required under the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4563 (codified at 28 U.S.C. § 2679), commonly known as the Westfall Act. In relevant part, the Westfall Act provides as follows:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. *This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.*

*Id.* § 2679(d)(2) (emphasis supplied); *see* 28 C.F.R. § 15.4(a) ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.").

4.     On April 30, 2021, the United States Attorney certified that Defendant was acting in the scope of his employment with the United States at the time of the acts alleged in the complaint. *See* Cert. of the U.S. Attorney, attached as <u>Exhibit C</u> hereto.

2

## COMPLIANCE WITH REMOVAL PROCEDURE

5.      This action is removable to this Court pursuant to 28 U.S.C. § 2679(d)(2) because the United States District Court for the District of Massachusetts embraces the location where the state court action is pending, *i.e.* Middlesex County, Massachusetts.

6.      As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant with respect to this action, which papers are the summons and complaint, are attached hereto. *See* Ex. A.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Middlesex County Superior Court, and written notice of the filing of this Notice of Removal will be given to Plaintiff.

9.      Pursuant to Local Rule 81.1(a), the United States will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days after filing this Notice for Removal.

WHEREFORE, the United States hereby removes the action now pending in the Middlesex County Superior Court of the Commonwealth of Massachusetts to this Court and requests that this Court accept this Notice of Removal for filing in accordance with the provisions of 28 U.S.C. § 2679(d)(2).

Dated:  May 3, 2020                       Respectfully submitted,

                                          THE UNITED STATES OF AMERICA

                                          By its attorney,

                                          NATHANEL R. MENDELL
                                          Acting United States Attorney

                          By:     */s/ Jason C. Weida*

                                        Jason C. Weida
                                        Assistant U.S. Attorney
                                        United States Attorney's Office
                                        1 Courthouse Way, Suite 9200
                                        Boston, Massachusetts  02210
                                        (617) 748-3180
                                        Jason.Weida@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on May 3, 2021, this document was served by email and first-class mail, postage prepaid, upon Plaintiff at the following addresses:

94 Pierce Road
Watertown, Massachusetts  02472
david-arnold@earthlink.net

                                        */s/ Jason C. Weida*
                                        Jason C. Weida
                                        Assistant U.S. Attorney