UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID ARNOLD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-10731-IT ) |
| MICHAEL PEARLMAN, | ) ) |
| Defendant. | ) |

**THE UNITED STATES OF AMERICA'S MOTION
TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER
JURISDICTION OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM**

The United States of America (the "United States" or "government"), by virtue of its Westfall Act substitution, by and through its attorney, Nathaniel R. Mendell, Acting United States Attorney for the District of Massachusetts, respectfully moves, pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff David Arnold's complaint (Doc. # 1-1) for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. The grounds for this motion are described in the accompanying memorandum of law and are summarized immediately below.

Plaintiff is a physicist disappointed in the amount of money the Smithsonian Institution paid him to work on a project under the terms of a contract. Plaintiff does not challenge the contract as invalid or otherwise defective. Rather, Plaintiff claims that a Smithsonian employee, Dr. Michael Pearlman, who oversaw Plaintiff's work, misrepresented in an email the amount Plaintiff would be paid pursuant to his independent contract. In a complaint he filed in state court, Plaintiff named Pearlman himself as the sole defendant and asserts a single claim against him for misrepresentation. Plaintiff seeks $129,000 in damages from Pearlman. Because Pearlman is an employee of the Smithsonian, a trust instrumentality of the United States, and was acting within

the scope of his employment at all relevant times, the United States removed the case to federal court, moved to substitute itself for Pearlman, and now seeks to have the case dismissed.

While Plaintiff's case is meritless, this Court need not—and, indeed, cannot—address the merits because it lacks subject-matter jurisdiction. The government may not be sued without its consent, and the complaint here demonstrates no such waiver of sovereign immunity. The Federal Tort Claims Act ("FTCA"), which governs tort claims against the government, expressly preserves sovereign immunity for misrepresentation claims. 28 U.S.C. § 2680(h). In addition, the limited waiver of sovereign immunity in the Tucker Act—which governs certain nontort claims against the government—does not confer jurisdiction upon this Court given the size of the damages claimed. 28 U.S.C. § 1346(a)(2). Moreover, even if this Court were to find that it had subject-matter jurisdiction under the FTCA (and it does not), Plaintiff's claim would have to be dismissed anyway for failure to state a claim because it is time-barred. 28 U.S.C. § 2401(b).

WHEREFORE, the United States respectfully requests that the Court grant this motion and dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) or, alternatively, for failure to state a claim pursuant to Rule 12(b)(6).

Dated: May 3, 2021

Respectfully submitted,

THE UNITED STATES OF AMERICA

By its attorney,

NATHANIEL R. MENDELL
Acting United States Attorney

By: /s/ Jason C. Weida
Jason C. Weida
Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3180
Jason.Weida@usdoj.gov

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that, by telephone (twice) and by email on May 3, 2021, I attempted to confer with the pro se plaintiff, but I did not hear back from him by the time this motion was filed.

>*/s/ Jason C. Weida*
>Jason C. Weida
>Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on May 3, 2021, this document was served by email and first-class mail, postage prepaid, upon Plaintiff at the following addresses:

94 Pierce Road
Watertown, Massachusetts  02472
david-arnold@earthlink.net

>*/s/ Jason C. Weida*
>Jason C. Weida
>Assistant U.S. Attorney